# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MRO INDUSTRIAL SALES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CARHART-HALASKA INTERNATIONAL LLC, <br> Defendant and <br> Third Party Plaintiff, <br><br> v. <br><br> CHRIS E. CARHART, <br><br> Third Party Defendant. | Case No. 14-MC-23-JPS <br><br><br><br> ORDER |

On April 22, 2014, Chris Carhart ("Carhart") filed a motion for execution of a judgment pursuant to Rule 69 of the Federal Rules of Civil Procedure. (Docket #2). Thereafter, counsel for Carhart-Halaska International LLC requested that the Court hold a status conference to address potential issues that may arise in this case. (Docket #4). Counsel for Chris Carhart responded that a status conference would not be necessary, and that any legal issues may be addressed in briefs. (Docket #5). The Court ordered that the parties brief the matter (Docket #6) and, after a delay (Docket #10), the Court is now in receipt of the requested briefs (Docket #11, #13, #16, #17, #19, #21).

Unfortunately, those briefs are exceedingly unhelpful. Indeed, none of the briefs include clear legal authority that would establish the Court's ability to enforce the judgment or the Court's lack of such authority. Everyone seems to be talking past one another.

The problems start with Carhart's opening motion. Carhart seeks enforcement of his judgment pursuant to Rule 69(a) of the Federal Rules of Civil Procedure. (Docket #2, ¶ 3) ("Carhart seeks to have the Judgment recognized and made executory in this court pursuant to Fed. R. Civ. P. 69(a). Additionally, Carhart seeks to have this court issue a writ of execution, commanding the United States Marshal to seize and sell property of CHI sufficient to satisfy the Judgment."). But, in making that request, aside from citing Rule 69(a), Carhart has not provided any sufficient legal basis to establish that the Court should do so.

Rule 69(a) is complex. It allows for either execution of a money judgment (Rule 69(a)(1)) or obtaining discovery to aid in execution of a judgment (Rule 69(a)(2)). Carhart does not specify which he is seeking, but the former seems to fit his request, so the Court will focus on Rule 69(a)(1).

That rule is not a magic wand that, when invoked, compels the Court to strap on the blinders and issue a writ of execution commanding execution immediately and as requested by the judgment holder. Rather, Rule 69(a)(1) is very nuanced. In full, it provides

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

So, perhaps most important here is the fact that "[t]he procedure on execution…must accord with the procedure of" Wisconsin, since the action is proceeding here.

It is unclear how that requirement applies, here; unfortunately, the briefs have proven to be anything but helpful. To be sure, the procedural

posture of this case is complex. Carhart is trying to enforce a judgment he purchased from a third party; the third party obtained that judgment against a LLC that Carhart previously managed and partially owned through a separate corporate entity; the LLC is now in receivership. The competing interests are complex. It certainly seems that Carhart is attempting to secure himself a larger share of the LLC's remaining assets, at the expense of the receiver's ability to fairly wind up the LLC's business (and at the expense of his former partner's interest). But, in spite of that complexity, the briefs have not provided any guidance as to how Wisconsin's procedure would apply here.

Accordingly, the Court will now direct the parties to file wholly new briefs that actually address this question. If it wishes to obtain a writ of execution, Carhart must demonstrate that the Court's issuance of the writ accords with Wisconsin's procedure. Obviously, this requires more than bald assertion of ownership of a judgment and concomitant right to enforce. *See, e.g.*, *Star Ins. Co. v. Risk Mktg. Grp. Inc.*, 561 F.3d 656, 661-63 (7th Cir. 2009) (deeply analyzing Illinois law to determine whether execution accorded therewith). Meanwhile, the receiver and Carhart's former partner[1] must do more than raise general concerns with fiduciary duties or his role in winding up the business; they must show why—procedurally, under the laws of Wisconsin—the Court should not issue a writ of execution. None of the briefs even begin to address these directly related questions, and the Court neither has the time nor the resources to do counsel's work for them.

---

[1] The LLC is now dissolved; Wis. Stat. § 183.0905 provides that, as a former member, that former partner is entitled to some distribution of remaining assets; the execution Carhart seeks will reduce his former partner's share. Thus, the Court cannot see why the former partner lacks standing to object to Carhart's request.

So, Carhart must file a brief within fourteen (14) days, which shall address his entitlement to relief, discussing the law related to Rule 69 and Wisconsin's procedural law's role in that analysis. The objecting parties shall file opposing briefs within fourteen (14) days, directly addressing Carhart's arguments and providing concise justification—supported by legal authority—for their position that Rule 69 and Wisconsin procedural law prevent execution of the judgment. Carhart may then file a reply within seven (7) days. There are several issues that the parties' should consider addressing: (1) whether there are any *Rooker-Feldman* considerations in play with enforcing a judgment while receivership is pending; (2) whether the fact that Carhart seems to be breaching a fiduciary duty (both Wis. Stat. § 183.0402(1)(a) and general fiduciary duties that may be applicable to LLC members, *see Executive Center III, LLC v. Meieran*, 823 F. Supp. 2d 883, 890–91 (E.D. Wis. 2011)); and (3) perhaps most importantly, whether Wis. Stat. § 183.0905 is a Wisconsin procedural rule that bars execution of this judgment, because Carhart's judgment must be placed into one of the statute's categories to be paid out in the appropriate order (the statute requires that LLC's "assets shall be distributed" in a certain order; this does not mention that Carhart's attempt to better his creditor position may now be "permitted by law"). Perhaps not every one of those issues will warrant in-depth briefing; moreover, they provide only a starting point for the parties' analysis. But those issues are complex and have not been fully considered in the briefing thus far.

If, after additional briefing, the Court remains unsatisfied with the parties' efforts, then an additional hearing may be necessary.

Accordingly,

IT IS ORDERED that the parties shall file additional briefs as more fully discussed above.

Dated at Milwaukee, Wisconsin, this 3rd day of July, 2014.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge